[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15978
Non-Argument Calendar
_____

Agency No. A094-911-877

RICARDO DIEGO PEDRO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 24, 2009)

Before BIRCH, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Ricardo Diego Pedro, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") order dismissing his application for asylum and withholding of removal. We conclude that we lack jurisdiction over the denial of asylum because it was time-barred, and that substantial evidence supports the denial of withholding of removal. Accordingly, we DISMISS his petition as to his asylum claim and DENY his petition as to his claim for withholding of removal.

## I. BACKGROUND

Diego Pedro fled Guatemala and entered the United States in April 2002 without being admitted or paroled by an immigration officer. In September 2006, he applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture ("CAT"), 8 C.F.R. § 1208.16-18. Diego Pedro asserted in his application that he feared the guerillas would harm him if he returned to Guatemala because he is Mayan and they had previously beat his parents.

At his asylum hearing, Diego Pedro recounted two incidents in which the guerillas came to his home and threatened his family. Although his family was not harmed during a 1994 visit, the guerillas hit his father in 1996. Diego Pedro believed the guerillas wanted to kill his father because he belonged to the civil patrol. His father managed to escape but has not contacted Diego Pedro since

2

1996. Diego Pedro also testified that he evaded recruitment by the guerillas in 1998. He fled Guatemala for the United States four years later, in 2002, when he was seventeen years old. Diego Pedro stated that he feared the guerillas would hurt him if he returned.

The IJ found that Diego Pedro's application with respect to his asylum claim was statutorily time-barred because he failed to file it within one year of his arrival, and his ignorance of the law did not constitute extraordinary circumstances excusing him from the one-year deadline. With respect to withholding of removal under the INA, the IJ credited Diego Pedro's testimony but found that he still failed to prove that it was more likely than not that his life or freedom would suffer if he returned to Guatemala. The IJ specifically found that neither the 1996 incident in which the guerillas hit his father nor the 1998 attempt by the guerillas to recruit Diego Pedro amounted to past persecution. Finally, the IJ denied relief under the CAT because Diego Pedro was never harmed in Guatemala or tortured by the guerillas, the guerillas were not the government, and the guerillas were no longer active because of their peace accord with the government.

The BIA agreed with the IJ's reasoning on all grounds and dismissed Diego

3

Pedro's appeal. Diego Pedro then filed the instant petition, challenging the denial of asylum and withholding of removal under the INA.[1]

## II. DISCUSSION

We review the decisions of both the IJ and the BIA because the BIA adopted the IJ's reasoning. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We will affirm if the decisions are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." See Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007) (quotation marks and citation omitted). Under the substantial evidence test, we view the evidence and all reasonable inferences in favor of the agency's decision. See Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We cannot reverse factual findings unless the record compels it; "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id.

A. Jurisdiction over Denial of Asylum

The first issue is whether we have jurisdiction to review the denial of Diego

---

[1] Although Diego Pedro makes a passing reference in his brief to the BIA's denial of relief under the CAT, he makes no argument as to the merits of that decision (i.e., that it is more likely than not that he will be tortured in Guatemala at the hands of the government). He has therefore abandoned his CAT claims. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (applying rule that "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned").

Pedro's asylum claim. The government contends that we lack jurisdiction because his asylum application was deemed untimely. Diego Pedro submits that we have jurisdiction because he has raised constitutional claims and questions of law.

We review our subject-matter jurisdiction de novo. See Ruiz, 479 F.3d at 765. An alien has one year after entering the United States in which to apply for asylum. See 8 U.S.C. § 1158(a)(2)(B). An application filed after one year may be considered if the alien establishes changed or extraordinary circumstances to excuse his untimely filing. See id. § 1158(a)(2)(D). Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review a determination that an alien's application was time-barred and that changed or extraordinary circumstances did not justify the delay. See id. § 1158(a)(3); Ruiz, 479 F.3d at 765. Furthermore, although we retain jurisdiction to review constitutional and legal questions, "[t]he timeliness of an asylum application is not a constitutional claim or question of law." Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (per curiam).

Here, the IJ and BIA concluded that Diego Pedro's asylum application was untimely because he filed it four years after he entered the United States, and he did not establish changed or extraordinary circumstances to excuse his delay. We do not have jurisdiction to review a denial of asylum on those grounds. See 8

5

U.S.C. § 1158(a)(3); Ruiz, 479 F.3d at 765. Accordingly, we dismiss Diego Pedro's petition as to his asylum claim for lack of jurisdiction.

B. Withholding of Removal under the INA

Next, Diego Pedro argues that he is eligible for withholding of removal based on past persecution for being Mayan and his father's position as a civil patrol.

An alien seeking withholding of removal under the INA bears the burden of showing that it is "more likely than not" that removal will subject him to persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. Ruiz, 479 F.3d at 765-66 (quotation marks and citation omitted). Persecution is an "extreme concept" requiring more than mere harassment or isolated incidents of intimidation. Id. (quotation marks and citation omitted). If an alien establishes past persecution, a rebuttable presumption exists that his life or freedom would be threatened upon return to his country. See id. An alien is not entitled to withholding of removal, however, if the alien could reasonably avoid a future threat by relocating to another region of that country. See id.

Substantial evidence supports the IJ and BIA's denial of Diego Pedro's application for withholding of removal. First, we agree that Diego Pedro failed to establish past persecution. Diego Pedro's sporadic encounters with the guerillas

6

during the 1990's never resulted in any personal harm.  Although the guerillas hurt his father on one occasion, this does not constitute extreme persecution against Diego Pedro.  Compare id. (concluding that Ruiz suffered past persecution because the FARC beat him twice, made threatening phone calls, and kidnapped him for eighteen days).

Second, Diego Pedro has not proven that it is more likely than not that he will be persecuted by guerillas if he returned to Guatemala.  The incidents he described occurred over a decade ago, and the government and guerilla rebels signed a peace agreement in 1996.  Moreover, Diego Pedro acknowledged that his mother and two siblings continue to reside in Guatemala.  This fact further undermines his claim of future persecution and demonstrates the possibility of avoiding any future threat through relocation.  See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (per curiam) (affirming IJ's determination that relocation could avoid future persecution given that the alien's son and parents remain unharmed in Columbia).

Accordingly, we deny Diego Pedro's petition with respect to his withholding of removal claim under the INA.

### III.  CONCLUSION

Based on the foregoing, we DISMISS for lack of jurisdiction Diego Pedro's petition with respect to his asylum claim. We find substantial evidence to support the denial of withholding of removal under the INA and therefore DENY his petition as to that claim.

**DISMISSED in part; DENIED in part.**